UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:10-CR-10-GFVT-HAI-4 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| BRANDEN RAY SUTTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

*** *** *** ***

The Court, on referral (D.E. 344), considers reported violations of supervised release conditions by Defendant Branden Sutton. District Judge Van Tatenhove entered a judgment against Defendant on February 24, 2011, for conspiracy to distribute oxycodone, a schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841. D.E. 220. Defendant received a sentence of sixty-five months of imprisonment followed by a thirty-six month term of supervised release. *Id.* at 2-3. Defendant began his supervised release term on January 28, 2014.

On October 1, 2014, the USPO issued a Supervised Release Violation Report ("the First Report"), and secured a warrant from Judge Van Tatenhove. The First Report charged Defendant, in Violations #1 and #3, with violating Standard Condition No. 7, which provides that "[t]he defendant . . . shall not purchase, possess, use, distribute, or administer any controlled substance . . . except as prescribed by a physician." The First Report also charged Defendant, in Violations #2 and #4, with violating the condition of his supervision which provides that "[t]he defendant shall not commit another federal, state, or local crime." The underlying factual bases for these charges were two separate positive urine drug tests for the presence of oxycodone.

At the outset of the final supervised release hearing on October 29, 2014, Defendant stipulated to the charged violations. D.E. 314. Based upon the agreement of the parties, the Court recommended revocation of supervised release and a term of imprisonment of one month. D.E. 315. Moreover, the Court recommended reimposition of supervised release for a period of thirty-six months under the conditions previously imposed with the modification that Defendant, as soon as possible upon release, complete a residential substance abuse treatment program. *Id.* Judge Van Tatenhove adopted the undersigned's recommended disposition. D.E. 322.

On February 19, 2016, the USPO issued a Supervised Release Violation Report ("the Second Report") charging Defendant with two violations of his supervised release, and secured a warrant from Judge Van Tatenhove. The Second Report notes that, upon his release from his first revocation term, Defendant successfully completed a 90-day residential drug treatment program, and participated in outpatient substance abuse counseling for 7-8 months thereafter. The Second Report alleges, in Violation #1, that Defendant again violated Standard Condition No. 7 of his supervised release. Specifically, the Second Report alleges that, on February 12, 2016, Defendant provided a urine specimen that tested positive for oxycodone via instant testing device. This test result was confirmed on February 15, 2016. This is a Grade C Violation. Further, based on this admission, the Second Report also charges, in Violation #2, that Defendant again violated the condition of his release that requires "[t]he Defendant shall not commit another federal, state, or local crime." The Second Report reasons that, with Defendant's prior felony drug conviction, and pursuant to Sixth Circuit case law holding that the use of a controlled substance is the equivalent of possessing the controlled substance, simple possession of oxycodone constitutes a violation of 21 U.S.C. § 844(a). This is a Grade B Violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on March 3, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 343. At the initial appearance, the United States made an oral motion for interim detention, and Defendant did not object. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on March 9, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 346. Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. *Id.* Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations described in the Second Report. In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). The United States thus established Violations #1 and #2 under the standard of section 3583(e).

The Court has evaluated the entire record, including the materials from Defendant's prior revocation, the Second Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis. Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant plead guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846, which is a Class C felony. *See* 21 U.S.C. § 841; 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under section 3583(e) is twenty-four months of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on

criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violation #1, and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of III (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's Range, under the Revocation Table of Chapter 7, is eight to fourteen months.

Based on Defendant's stipulation, the United States recommended revocation and a term of imprisonment of twelve months with a twenty-four month period of supervised release to follow. In support of this recommendation, counsel for the United States pointed out that the nature and circumstances of Defendant's underlying conviction were serious. He argued that distribution of oxycodone has a severe impact on society, and Defendant's return to the use of the drug poses a significant threat to public safety. Moreover, counsel stated that Defendant has repeatedly breached the Court's trust despite significant leniency given to him in the past. Finally, counsel asserted that a term of supervision is necessary in order to monitor Defendant and to further ensure public safety.

Defense counsel recommended revocation and a term of imprisonment of fourteen months with no term of supervised release to follow. In support of this recommendation, counsel argued that Defendant is an honest, forthcoming individual who has taken responsibility for his actions. He acknowledged that Defendant has been afforded significant drug treatment opportunities, but none have been ultimately successful. Thus, defense counsel asserted that a term of supervised release would not be an effective use of government resources.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant's release because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of section 3583(g)(1). *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection.").

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The Court has carefully weighed the nature and circumstances of the offense and the need to protect public safety. The nature and circumstances of Defendant's underlying conviction are very serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). While Defendant has not returned to the trafficking of oxycodone, he has again returned to abuse of the drug. This use represents a considerable threat to public safety, and thus a significant term of imprisonment is warranted.

Defendant's history and characteristics indicate a very severe drug problem. This problem has placed a significant burden on Defendant's life and is the cause of his repeated criminal actions. Defendant has been afforded substantial opportunities to treat his addiction, including completing the RDAP program and an inpatient program while on release, and by all accounts, Defendant appears to be a likeable, hardworking individual. However, as his actions have shown, he has not been able to remain clean. If Defendant continues down this path, he will remain a danger to himself and to the public, and likely will serve significant imprisonment terms again.

The Court reminds Defendant that the Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.") The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).

Defendant has breached the Court's trust in a significant and particularly worrisome manner. He has a severe drug addiction, and his repeated violations after being granted leniency are troubling. At Defendant's original sentencing, Judge Van Tatenhove was lenient in the form of a significant downward departure, and, on his prior revocation, the Court departed downward and allowed Defendant to complete a residential substance abuse program. Each of these represents a significant amount of trust placed in Defendant by the Court. Yet, despite this, Defendant has again violated the conditions of his release. Therefore, a sentence at the top of the Guidelines Range is warranted.

Thus, the Court recommends revocation and a term of imprisonment of fourteen months. For the reasons stated above, the Court finds this sentence is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e). Moreover, the need to avoid unwarranted sentencing disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision term limits of section 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Defendant's conviction under 21 U.S.C. § 841 carried no maximum term of supervised release. Under section 3583(h), the maximum term at this point remains life. 18 U.S.C. § 3583(h). The Court recommends that no term of supervised release be imposed following Defendant's term of imprisonment. The Defendant needs to overcome his severe drug addiction, however, he has been afforded all the resources that the Court can provide. The Court can fathom no conditions, other than inpatient treatment which has not worked, that would significantly reduce the risk of continued drug abuse so as to either benefit the public or Defendant. Therefore, a term of supervised release would be a waste of government resources and would not measurably protect the public.

Based on the foregoing, the Court **RECOMMENDS** revocation and a term of imprisonment of fourteen months with no supervised release to follow.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by section 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 10th day of March, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge