Eastern District of Kentucky
**FILED**
MAY 11 2016
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 10-10-GFVT |
| V. | ) ) ) | |
| BRANDEN RAY SUTTON, | ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Before the Court is Magistrate Judge Hanly A. Ingram's Recommended Disposition. [R. 347.] The Defendant in this case, Branden Ray Sutton, is charged with a second violation of his supervised release conditions. On February 12, 2016, Sutton failed a urine drug test. [*Id.* at 2.] His violation report charges him with violating his release conditions by (1) possessing a controlled substance and (2) committing another federal crime. [*Id.*] At his final revocation hearing on March 9, Judge Ingram found that Davis had competently entered a knowing, voluntary, and intelligent stipulation to the charged violations. [*Id.* at 3.]

In his Recommended Disposition, Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in determining the recommended sentence. He noted that "[t]he nature and circumstances of Defendant's underlying conviction [for drug trafficking] are very serious," and Sutton's resumed abuse of oxycodone "represents a considerable threat to public safety." [*Id.* at 5.] He also noted that Sutton's "history and characteristics indicate a very serious drug problem," and this problem "is the cause of his repeated criminal actions." [*Id.* at 6.] Despite

being given a "significant downward departure" at sentencing, Sutton breached the Court's trust by repeatedly violating the conditions of his release. [*Id.*] For this reason, Judge Ingram felt that "a sentence at the top of the Guidelines Range is warranted." [*Id.* at 7.] He added, however, that he could "fathom no conditions, other than inpatient treatment which has not worked, that would significantly reduce the risk of continued drug abuse so as to either benefit the public or Defendant." [*Id.* at 7.] He thus concluded that "a term of supervised release would be a waste of government resources and would not measurably protect the public." [*Id.*]

Generally, this Court must undertake a *de novo* review of those portions of a magistrate's recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has carefully examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 347**] as to Defendant Branden Ray Sutton is **ADOPTED** as and for the Opinion of the Court;

2. Sutton is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

2

3. Sutton's Supervised Release is **REVOKED**;

4. Sutton is **SENTENCED** to a term of incarceration of 14 months with no term of supervised release to follow; and

5. Judgment shall be entered promptly.

This 10th day of May, 2016.



Signed By:
Gregory F. Van Tatenhove
United States District Judge